**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RORY ELLIOT ASHBY,<br><br>   Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>   Respondent. | Civil Action No. 25-15677 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the Court's screening of the habeas petition filed by Petitioner Rory Elliot Ashby pursuant to 28 U.S.C. § 2241. (ECF No. 1). This Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition shall be denied.

**I.   BACKGROUND**

Petitioner is a convicted federal prisoner currently serving a federal sentence in FCI Fort Dix. (ECF No. 1 at 1-2.) His current period of detention arises out of a sentence issued in the Western District of Pennsylvania. (*Id.*) Following a guilty plea, Petitioner was sentenced to an aggregate 84 month term of imprisonment in September 2023 consisting of an 84 month term for a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1(B)(vi) for the possession with intent to distribute

forty grams or more of a substance containing detectable amounts of heroin, and a concurrent 84 month term for possession of a weapon and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *See United States v. Ashby*, No. 21-285, ECF No. 73 (W.D. Pa. Sept. 18, 2023). Based on this conviction, the BOP has determined that Petitioner is not eligible for credits under the First Step Act. (*See* ECF No. 1-1 at 11.)

On Petitioner's BOP sentence monitoring sheet, the BOP properly lists Petitioner's offenses of conviction as being for a violation of 18 U.S.C. § 922(g)(1) for possession of a firearm and ammunition by a convicted felon and a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) for possession with intent to distribute forty grams or more of a substance containing detectable fentanyl. (*Id.*) The sheet, however, also lists Petitioner's offense as falling into offense code 422 which include violations of 21 U.S.C. § 841 and 21 U.S.C. § 960 involving fentanyl which render an inmate ineligible for credits under the FSA. (*Id.*) Petitioner interprets this as the sheet stating that he has a conviction for violating 21 U.S.C. § 960, which involves the importation of controlled substances, which is clearly a misreading of the sheet, and contends that the BOP has both ascribed to him a conviction he does not have, and improperly denying him FSA credits based on that charge.[1] (*See* ECF No. 1-1 at 1-4.) Petitioner did not fully exhaust his administrative remedies before filing this matter, instead asserting merely that "the BOP never provided [him] the needed Forms to file" a remedy request. (*Id.* at 3.) Petitioner details no actual

---

[1] Petitioner's brief includes a large section discussing law related to the calculation of prior custody credits, concurrent sentences, and the like, but provides no factual allegations to suggest that he has in any way been denied concurrency or prior custody credits rather than the FSA credits he does allege he has been denied. This Court does not construe Petitioner to be raising any claim related to improper concurrency or prior custody credits, and instead assumes the law was provided merely to reflect the requirement that the BOP comply with judgments of conviction, which appears to have been Petitioner's intention. (*See* ECF No. 1-1 at 5-11.) Petitioner's sentencing computation sheet indicates that the BOP is properly treating Petitioner's sentences as concurrent with one another in accordance with his judgment of conviction, and that Petitioner did receive 833 days of prior custody credits. (*See id.* at 12.)

efforts made to complete the process or otherwise seek to file a remedy, nor does he describe who he sought the forms from, whether they were required to provide them, or what alternative routes he took to acquire the forms. (*Id.*)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

In his habeas petition, Petitioner argues that he is being improperly denied First Step Act credits in light of a conviction for violating 21 U.S.C. § 960 that he did not actually receive. That argument, however, is based on Petitioner's misunderstanding of a BOP sentencing computation form. That form indicates, in complete accordance with Petitioner's Judgment of Conviction that Petitioner is serving a sentence for only two violations: one of § 922(g) which is not at issue here, and one for violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(VI) for possession with the intent

to distribute forty or more grams of a mixture or substance containing fentanyl. The sheet *does not* list a violation of § 960 in the list of Petitioner's offenses. (*See* ECF No. 1-1 at 11-12.) Instead, it lists that Petitioner is FSA ineligible because his conviction falls within an enumerated FSA ineligible category for those with convictions for violations of § 841 *or* § 960 involving fentanyl. As explained below, Petitioner *does* fall into this specific prohibited category because he was convicted of a violation of § 841 involving fentanyl, and his sheet, contrary to Petitioner's belief, is thus not incorrect and does not ascribe to Petitioner a violation of § 960 of which Petitioner was not convicted. Petitioner's argument that his sheet improperly interprets and alters his Judgment of Conviction is therefore without merit and is denied as such.

Turning to the issue of First Step Act credits, Petitioner argues that he has improperly been denied credits based on this erroneous § 960 charge. While the First Step Act provides an opportunity for those inmates who engage in recidivism reduction programs to earn additional good time credits towards early supervised release or early placement in a residential facility, in adopting the Act Congress created a number of specifically carved out offenses which will render an inmate convicted of one of those offenses ineligible to earn or accrue any credits under the Act. *See* 18 U.S.C. § 3632(d)(4)(D). One specific category of ineligible offense includes any offender convicted of a violation of 21 U.S.C. § 841(b)(1) *or* 21 U.S.C. § 960(b) "relating to manufacturing, distributing, dispensing, or possessing with intent to" manufacture or distribute a substance "containing a detectable amount of [fentanyl or its analogues]."[2] 18 U.S.C. § 3632(d)(4)(D)(lxvi). Because Petitioner was convicted of a violation of § 841(b)(1) involving the possession with intent

---

[2] The statute specifically states the substance must contain a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof." 18 U.S.C. § 3632(d)(4)(D)(lxvi). N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide is one of several formal chemical names for a form of fentanyl. *See EPA Fact Sheet for OSCS: Fentanyl and Fentanyl Analogs*, https://www.epa.gov/sites/default/files/2018-07/documents/fentanyl_fact_sheet_ver_7-26-18.pdf (last accessed September 22, 2025).

4

to distribute forty grams or more of a substance containing detectable fentanyl, *see United States v. Ashby*, No. 21-285, ECF No. 73 (W.D. Pa. Sept. 18, 2023), he clearly falls into this category, and thus is statutorily ineligible to earn or accrue First Step Act credits. *See, e.g., Regalado v. Greene*, No. 25-54, 2025 WL 411672 at *2 (M.D. Pa. Jan. 21, 2025) (conviction for possession with intent to distribute substance containing fentanyl renders prisoner ineligible for FSA credits). It is this fact which his sentencing computation sheet is attempting to communicate in mentioning Petitioner's offense code information, which includes a reference to § 960 as it is one of the alternative convictions which falls into the subsection. Because it is clear to the Court that Petitioner has a qualifying conviction, and he is therefore not eligible to earn First Step Act credits, and because it is clear that the BOP sentencing sheet does not misstate Petitioner's offense of conviction, Petitioner's habeas petition is lacks factual support and is denied as such.

Finally, the Court notes that Petitioner did not exhaust his administrative remedies before filing this matter. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and an inmate's failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation, *see Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008), nor will exhaustion be futile merely because it is unlikely to be completed in the remaining portion of a prisoner's sentence. *Bortolotti v. Knight*, No. 22-6137, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022).

In this matter, Petitioner claims exhaustion is futile because he was not provided the forms necessary to complete proper exhaustion procedures. However, Petitioner does not detail what efforts he made to acquire the forms, whether he asked for them from individuals required to provide them, or whether he had alternative means to print and fill out the forms himself. In the absence of further information detailing efforts to acquire or file the forms, this Court cannot find that exhaustion is futile or unavailable, and Petitioner's failure to exhaust serves as another reason that Petitioner's habeas petition should be dismissed even had it been of greater merit.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**. An order consistent with this Opinion will be entered.

Dated: October 8, 2025

Hon. Karen M. Williams,
United States District Judge